## Ford, et al. v. Rice, et al.

(Decided May 20, 1915.)

## Appeal from Floyd Circuit Court.

1.  Highways—Passway—Evidence.—In an action to enjoin the obstruction of a passway, evidence considered and held insufficient to establish the defense that the passway had been changed so as to run over other lands of defendants over which plaintiffs had no right to go.

2.  Highways—Passway—Alteration—Effect.—Parties having the right of passway through a particular tract of land are not deprived of its use by a mere change in its location to another part of the same tract.

3.  Estoppel—Former Action—Inconsistent Position.—A party is not estopped from taking a position inconsistent with his position in a former action, as against one who was not a party to the former proceeding and who was not misled to his prejudice by the position so taken.

HARKINS & HARKINS for appellants.

JAMES GOBLE and W. W. WILLIAMS for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

This is an action to enjoin the obstruction of a passway. Plaintiffs were given the relief asked and defendants appeal.

The facts are these: On November 19th, 1897, M. L. Ford purchased from Isaac W. Vanderpool a tract of land situated in Floyd County at the head of Auxier Branch, a stream which flows into the Big Sandy River. As the remainder of the Vanderpool farm lay between the tract sold and the river, Ford purchased from Vanderpool a right-of-way through the remainder of his land down the branch to the river. After the purchase Vanderpool sold to the Big Sandy Railway Company a right-of-way through the remainder of his farm along the west bank of the river. This right-of-way crossed the passway he had sold to Ford near the mouth of the Auxier Branch. In building its road the railroad company destroyed the passway at the mouth of the branch, but replaced the passway in a slightly changed condition. In its present location it crosses the railroad's right-of-way about fifty feet above where it would have crossed had no change been made. Ford objected to

Rice's using the passway and brought suit to enjoin him from doing so. During the progress of the action Rice died and the action proceeded against his widow and children. Ford was granted the relief asked in the court below, but on appeal the judgment was reversed, and it was adjudged that the Rices had the right to use the passway. Rice, et al. v. Ford, 120 S. W., 288.

The plaintiffs in this action are the widow and children of S. M. Rice and were the defendants in the action above referred to. The defendants in this action are the widow and children of M. L. Ford, who was the plaintiff in the above action.

The judgment below is attacked on the ground that the passway in question, as changed by the railroad, does not run over the Vanderpool land, but runs over land purchased by the Fords from the Burchett heirs. In reply to this contention it is sufficient to say that the decided weight of the evidence is to the effect that the passway does not run over the Burchett land. On the contrary, the evidence shows that the passway is still on the Vanderpool land, and we conclude that the mere fact that its location was changed from one point on the Vanderpool land to another, did not deprive plaintiffs of the right to use the passway.

But defendants insist that plaintiffs should have been denied relief on the ground of estoppel. The basis for this claim is that the position of plaintiffs in this action is altogether inconsistent with the position which they took in a suit which they brought against the Big Sandy Railway Company, to recover damages for the company's failure to comply with its covenant to construct for plaintiffs a grade crossing. It is unnecessary to determine whether the position taken by plaintiffs in this action is inconsistent with the position which they took in their suit against the railroad company. The defendants in this action were not parties to the suit against the railroad, nor has their situation been altered because of their reliance on the position which plaintiffs there took. We are not aware of any authority holding that a party is estopped from taking a position inconsistent with that taken in a former action, as against one who was not a party to that action and who was not misled to his prejudice by the position so taken.

Judgment affirmed.